RAVENSWOOD PAPER MILLS CO. v. RACHOMOVITS & SCHWARTZ CO., Inc., et al.

(Supreme Court, Appellate Term, First Department. May 21, 1914.)

COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW OF PROCEEDINGS.

Where plaintiff recovered judgment in Municipal Court in an action brought under the Bulk Sales Law, Personal Property Law (Consol. Laws, c. 41) § 44, against a corporation and certain individuals, although the proof was not sufficient to sustain the judgment, the plaintiff cannot, on appeal, sustain the judgment against the individual defendant under Stock Corporation Law (Consol. Laws, c. 59) § 66, prohibiting an insolvent corporation from transferring property to its officers or stockholders, even though the proof establishes that cause of action.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Ravenswood Paper Mills Company against Rachomovits & Schwartz Company, Incorporated, and others. Judgment for the plaintiff, and defendants appeal. Reversed, and complaint dismissed, without prejudice.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Emanuel Hertz, of New York City, for appellants.
Alfonse F. Spiegel, of New York City, for respondent.

BIJUR, J. This action was brought for "fraud," the pleading being oral. The bill of particulars states that a certain corporation sold to defendant corporation its entire business including assets without giving notice to the plaintiff, then a creditor of the assigning corporation, pursuant to the provisions of law.

By this, it was intended, no doubt, to refer to section 44 of the Personal Property Law (Consol. Laws, c. 41), commonly known as the "Bulk Sales Law." What this cause of action in fraud, under the circumstances, would be, it is difficult to understand; but as there was no sufficient proof that any such sale had taken place as described in the bill of particulars, or that notices had not been sent out, the complaint should have been dismissed.

It is now sought, as I understand respondent's contention, to sustain the recovery as one against one of the individual defendants under section 66 of the Stock Corporation Law (Consol. Laws, c. 58); but, regardless of the merit of that contention, it suffices to note that the action is brought on no such ground.

Judgment reversed, with costs, and complaint dismissed, with costs, without prejudice to a new action. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes